**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ROBERT W. BEEBE, JR.,**

                        **Plaintiff,**

    **v.**                                 **05-CV-0021**

**HOUSATONIC RAILROAD COMPANY,**
**INC.,**

                        **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS J. McAVOY**
**Senior United States District Judge**

### DECISION and ORDER

**I.   INTRODUCTION**

Plaintiff commenced the instant action asserting claims under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq., the Safety Appliance Act, 45 U.S.C. § 1 et seq., and the Boiler Inspection Act, 45 U.S.C. § 22 et seq., for personal injuries sustained while employed by Defendant. Presently before the Court is Defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12 for lack of personal jurisdiction, or, in the alternative, to dismiss the Complaint under the doctrine of *forum non conveniens*. For the reasons that follow, Defendant's motion is DENIED WITH LEAVE TO RENEW after the parties have had an opportunity to conduct discovery regarding personal jurisdiction and the appropriateness of the present forum.

**II.    FACTS**

The following facts are taken from the Complaint. Plaintiff is a resident of Columbia County, New York.  Defendant is incorporated in Connecticut and has its principal place of business in Connecticut. Defendant owns and operates a railroad line which is located in and/or provides services to Massachusetts, Connecticut, and New York.  On or about July 30, 2003, while Plaintiff was working for Defendant, a tamper operated by Defendant's agent, servant and/or employee collided with a tie crane operated by Plaintiff, causing Plaintiff to sustain certain personal injuries. There is no allegation as to where the accident occurred.[1]

Plaintiff commenced the instant action in this Court, invoking subject matter jurisdiction pursuant to 28 U.S.C. § 1337. Defendant moves to dismiss the Complaint for lack of personal jurisdiction, or, in the alternative, to transfer the case to an alternative forum, preferably the United States District Court for the District of Massachusetts, Western Division.

**III.   DISCUSSION**

    **A.  Personal Jurisdiction**

On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." <u>Bank Brussels Lambert</u>

---

[1] Defendant asserts in its Motion to Dismiss that the accident occurred in Lee, Massachusetts. Plaintiff has not contested this fact.

v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999)(citation omitted). In opposition to the motion, Plaintiff does not argue he has pled or submitted sufficient facts to support personal jurisdiction over Defendant, but rather argues that there "is at least a triable issue of fact" in this regard. Bogdan Aff. ¶ 8.[2]  On this point, Plaintiff notes that, while he has not yet had any discovery, Defendant's Internet website appears to represent that Defendant: (a) owns or uses railroad tracks in New York; (b) provides freight rail service into the State; (c) owns an industrial site in Dover, New York; and (d) owns rail stations in Beacon, Brewster, Fishkill, and Hopewell Junction, New York. Id. ¶¶ 13-16 & ex. A-D.

With one exception not asserted here, in a federal question case where defendant resides outside the forum state, the Court looks first to the forum state's personal jurisdiction rules to determine whether the defendant is amendable to service of process under those rules. Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004).  If it is amenable to service of process under the forum state's rules, the Court then determines whether the assertion of personal jurisdiction over Defendant comports with the requirements of due process. See Metro Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

---

[2] Plaintiff has not responded with a factual affidavit or a Memorandum of Law, but instead submits an attorney affidavit that contains both legal arguments and factual exhibits.

3

Plaintiff contends that, given the representations contained on Defendant's website, there is a "triable issue of fact" as to whether this Court can assert personal jurisdiction over Defendant pursuant to New York Civil Practice Law and Rules §§ 301 and 302(a)(4). The Court agrees. In light of the representations made on Defendant's website, it may very well be that personal jurisdiction could be asserted over Defendant that comports with both the New York Civil Practice Law and Rules and constitutional notions of due process. See St. Paul Fire & Marine Ins. Co. v. Eliahu Ins. Co., 1997 WL 357989, at *1 (S.D.N.Y. June 26, 1997)(Because a motion to dismiss pursuant to Rule 12(b)(2) based on lack of personal jurisdiction is "inherently a matter requiring the resolution of fact issues outside of the pleadings ... all pertinent documentation submitted by the parties may be considered in deciding the motion.")(quotation marks omitted), aff'd 152 F.3d 920 (2d Cir. 1998)(table).  Of course, the present record fails to provide the entire picture regarding what business, if any, Defendant was conducting in the State of New York when the summons and complaint were served. Accordingly, the dispute regarding Defendant's contacts with New York State can only be fairly resolved by allowing the parties to conduct discovery on the question of personal jurisdiction. After such discovery, the Court will revisit the motion, if made, at which time Plaintiff will be required to submit appropriate factual averments. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999)(Where

4

"the parties have conducted extensive discovery regarding the defendants' contacts with the forum state, but no evidentiary hearing has been held--the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant.")(quotation marks omitted; alteration in original). Therefore, this portion of Defendant's motion is denied with leave to renew following a period of limited discovery on jurisdictional issues.[3]

### B. Forum Non Conveniens

Defendant also contends that the case should be dismissed based on the common law doctrine of *forum non conveniens*. Under this doctrine, a district court may dismiss a case when an alternative forum has jurisdiction to hear the case and when trial in the chosen forum would be oppressive and vexatious to a defendant. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981); Boosey & Hawkes Music Pub. Ltd. v. Walt Disney Comp., 145 F.3d 481, 491 (2d Cir. 1998); Scottish Air Int'l, Inc. v. British Caledonian Group, PLC, 81 F.3d 1224, 1232 (2d Cir. 1996).

"The Second Circuit has held that 'a court should begin with the assumption that a plaintiff's choice of forum will stand unless the defendant can demonstrate that reasons exist to afford it less

---

[3] It is anticipated that Hon. David R. Homer, United States Magistrate Judge, will fashion the parameters of this initial discovery.

deference.'" Traver v. Officine Meccaniche Toshci SpA, 233 F. Supp. 2d 404, 415 (N.D.N.Y. 2002)(Scullin, C.J.)(quoting DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir. 2002)(citation omitted)). However, the presumption favoring Plaintiff's choice of forum is not absolute and may be rebutted by establishing that the public and private interests involved would be better served in an alternate forum. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509 (1947). "The district court must carefully weigh the private and public interests set forth in Gilbert and may grant the *forum non conveniens* motion only if these considerations strongly support dismissal." Boosey & Hawkes, 145 F.3d at 491.

Relevant private interests of the litigants include access to proof, availability of witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Boosey & Hawkes, 145 F.3d at 491 (quoting Gilbert, 330 U.S. at 508). "The public factors include court congestion in the chosen forum, the local interest in deciding local controversies at home, the interest in having the trial in a forum that is familiar with the governing law, the difficulties in applying foreign law, and the unfairness of burdening citizens in an unrelated forum with jury duty." Minibooster Hydraulics A/S v. Scanwill Fluid Power ApS, 315 F. Supp. 2d 286, 290 (W.D.N.Y. 2004).

Although a motion to dismiss for *forum non conveniens* "does not typically require a detailed development of the entire case through

6

discovery," courts will allow limited discovery when warranted. <u>Norex Petroleum v. Ltd. v. Access Industries, Inc.</u>, 2003 WL 1484269, at *2 (S.D.N.Y. Mar. 21, 2003). Here, given Plaintiff's failure to plead where the accident occurred and the unresolved factual disputes related to personal jurisdiction, it would be premature to decide the issue. The Court will permit the parties to conduct discovery regarding access to proof, the location and availability of witnesses, and other facts relevant to the *forum non conveniens* determination. Accordingly, the motion in this regard is denied with leave to renew following this initial discovery.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **DENIED WITH LEAVE TO RENEW** after the parties have had a reasonable opportunity to conduct limited discovery as set forth above.
**IT IS SO ORDERED.**

Dated: May 12, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge